FILED
United States Court of Appeals
Tenth Circuit

December 13, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT JEFFREY BURLING,

Petitioner - Appellant,

v.

MIKE ADDISON, Warden,

Respondent - Appellee.

No. 11-6164

(W.D. Oklahoma)

(D.C. No. 5:10-CV-00175-HE)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.


Applicant Robert Jeffrey Burling sought relief under 28 U.S.C. § 2254 in

the United States District Court for the Western District of Oklahoma.  The

district court denied the application.  Applicant now seeks a certificate of

appealability (COA) from this court.  *See* U.S.C. § 2253(c)(1)(A) (requiring COA

to appeal denial of relief under § 2254).  Because he fails to make "a substantial

showing of the denial of a constitutional right," *id.* § 2253(c)(2), we deny a COA

and dismiss this appeal.

## I.    BACKGROUND

Applicant was convicted by a jury on 12 counts of sexual abuse of a child

and sentenced to 36 years in prison.  The Oklahoma Court of Criminal Appeals

(OCCA) affirmed his conviction on direct appeal. He was denied postconviction relief in state district court and the OCCA affirmed.

Applicant filed his application under § 2254 in federal district court, asserting the following claims: (1) impermissible vouching by two witnesses and the prosecutor, (2) ineffective assistance of counsel, (3) vagueness and indefiniteness in the information, (4) erroneous evidentiary rulings, (5) improper denial of a jury instruction on his eligibility for parole, and (6) cumulative error. The district court denied relief. In this court Applicant pursues only claims one and three and part of two.

## II.  DISCUSSION

### A.  Standard of Review

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court "may not issue a habeas writ simply because" it concludes in its "independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* (internal quotation marks omitted). Rather, that application must have been unreasonable. *See id.* Therefore, for those of Applicant's claims that the OCCA

adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

## B. Vouching

Applicant complains of testimony by two witnesses and the closing argument by the prosecutor that allegedly vouched for the victim's veracity. We address the claims separately.

### 1. Headmaster's Testimony

Applicant complains of testimony by the headmaster of the victim's school, stating his opinion that the victim was a truthful person. The OCCA held that the testimony was admissible under the Oklahoma rules of evidence allowing such testimony once the victim's veracity has been challenged. Apparently, Applicant's counsel had challenged the victim's credibility on cross-examination.

Applicant claims that the rule could not be so broad because then "every complaining witness in [a] criminal case could be assisted with character witness testimony simply by virtue of being cross-examined." Aplt. Br. at 15. But he fails to explain how the OCCA's ruling was contrary to—or an unreasonable application of—clearly established federal law. He cites no Supreme Court opinion that would have required exclusion of the headmaster's testimony. As a consequence, reasonable jurists would not debate the district court's determination that Applicant was not entitled to habeas relief on this ground.

### 2.    Ms. Hatlelid's Testimony

Kathleen Hatlelid, a physician's assistant who examined the victim, testified as an expert witness that she diagnosed the victim with "[s]exual abuse by history."  Report and Recommendation, *Burling v. Addison*, No. CIV-10-175-HE, 2010 U.S. Dist. LEXIS 143094, at *7, *13 (W.D. Okla. July 30, 2010) (Aplt. App. at 5, 9) (internal quotation marks omitted).  Applicant asserts that Ms. Hatlelid's opinion was based solely on her reading of a police report and her one physical examination of the victim, which revealed no physical evidence of abuse.  He asserts that the testimony "[b]ased upon this flimsy frame of reference" therefore constituted improper vouching.  Aplt. Br. at 15–16.

The OCCA held that the trial court had properly admitted Ms. Hatlelid's testimony.  It concluded that she "did not improperly vouch for the credibility of the victim as she did not tell the jury what result to reach," and "[w]hether or not her opinion was supported by sufficient evidence was a question for the jury."  Summary Op. at 2, *Burling v. State*, No. F-2006-1288 (Okla. Crim. App. May 1, 2008) (Aplt. App. at 62).

Applicant fails to show that the OCCA's determination was contrary to or unreasonable under federal law.  He does not challenge Ms. Hatlelid's qualifications as an expert.  Nor does he explain why it was improper for an expert to rely on the information provided to Ms. Hatlelid.  More importantly, he cites no opinion of the Supreme Court that would require exclusion of this expert

-5-

testimony.  *See Parker v. Scott*, 394 F.3d 1302, 1309–12 (10th Cir. 2005) (rejecting habeas challenge to similar expert testimony).  In the absence of a transcript of Ms. Hatlelid's testimony (which Applicant did not provide to this court),[1] we cannot say that reasonable jurists would debate the district court's rejection of this claim.

Applicant also suggests that the OCCA has been inconsistent in its decisions on whether to admit testimony on sexual abuse, and that this inconsistency implicates his rights to due process and equal protection under federal law.  But he failed to raise this issue in district court, and we therefore decline to consider it.  *See Kelley v. City of Albuquerque*, 542 F.3d 802, 817 (10th Cir. 2008).

### 3.    Prosecutorial Vouching

Applicant contends that the prosecutor engaged in improper vouching during closing argument when he told the jury that it should believe the victim.  The prosecutor's argument was not improper.  He argued that the jury should believe the victim because she gave her testimony under oath, she did not have an incentive to lie, her testimony was supported by the medical evidence, she did not exaggerate, and "the truth has cost her."  Report and Recommendation, *Burling*, 2010 U.S. LEXIS 143094, at *17 (Aplt. App. at 11–12).  He did not "say nor

---

[1]The district-court record contains only one page of Ms. Hatlelid's testimony.  *See* Dist. Ct. Docket no. 10-8 at 38, *Burling*, No. CIV-10-175-HE.

insinuate that the statement was based on personal knowledge or on anything other than the testimony of those witnesses given before the jury, and therefore [his comments were] not improper." *Lawn v. United States*, 355 U.S. 339, 359 n.15 (1958). The OCCA's rejection of Applicant's contention was undisputably not contrary to or an unreasonable application of federal law.

### C.    Ineffective Assistance of Trial and Appellate Counsel

Applicant argues that his appellate counsel was ineffective in not arguing that his trial counsel had been ineffective for failure to call the victim's mother to testify. He unsuccessfully urged this claim before the OCCA when appealing the trial court's denial of his postconviction collateral attack.

To establish ineffective assistance of counsel, Applicant must show (1) that his trial attorney's performance was deficient, meaning that his attorney's "representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), and (2) that he suffered prejudice, meaning that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, *id.* at 694. "[I]n analyzing an appellate ineffectiveness claim based upon the failure to raise an issue on appeal, we look at the merits of the omitted issue." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (internal quotation marks omitted). "[I]f the [omitted] issue is meritless, its omission will not constitute deficient performance." *Id.* The OCCA examined the omitted issue here and found it

wanting because there was no evidence that the failure to call the victim's mother was prejudicial. It said that Applicant did not "provide anything to show that, if called, [the victim's mother] would have actually testified in a manner that would have been beneficial to [him]." Order Affirming Denial of Appl. for Post-Conviction Relief at 2, *Burling v. State*, No. PC-2009-757 (Okla. Crim. App. Dec. 10, 2009).

Applicant argues that not calling the mother as a witness was particularly damaging to his case because his counsel's opening statement had referred repeatedly to her forthcoming testimony. Perhaps. But we cannot tell without knowing what her testimony was going to be. The OCCA reasonably determined that Applicant had failed to show that he had suffered prejudice.

It is unclear whether Applicant is raising here, or has raised in any prior proceeding, a claim of ineffective assistance of trial counsel based on trial counsel's decision not to call the victim's mother to testify. But if it is being raised, it obviously fails for the reasons just stated.

### D.     Vagueness of the Information

Applicant claims that the information charging him with sexual abuse was so vague that it violated his Sixth and Fourteenth Amendment rights. The amended information alleged 12 counts of sexual abuse that occurred during a six-year time span. Applicant argues that because the information did not include the dates and locations of the alleged abuse, he cannot assert double jeopardy in

future proceedings, he could not formulate a defense to the charges against him, and the trial court could not make a meaningful determination of when he would be eligible for parole.

The OCCA rejected Applicant's double-jeopardy claim because "jeopardy has attached to all alleged sexual acts between [Applicant] and [the victim] during the period of time specified in the Information." Summary Op. at 4, *Burling*, No. F-2006-1288 (Aplt. App. at 64). And regarding his ability to prepare a defense, it said that the materials made available before trial "sufficiently apprised [Applicant] of the charges against him" and "the prosecutor satisfied his duty to inform the defendant within reasonable limits and as best known by the State, the time frame in which these acts were believed to have occurred." *Id.* The OCCA did not explicitly address parole.

Applicant fails to point to any deficiency in the OCCA's disposition of his double-jeopardy concern. Nor does he identify any Supreme Court opinion that would require his charging document to specify the time and location of the offense to inform him fairly of the charges filed against him. Indeed, this circuit has previously rejected a similar due-process challenge to charging documents in a child-abuse case. *See Hunter v. New Mexico*, 916 F.2d 595, 596, 600 (10th Cir. 1990) (rejecting § 2254 petitioner's due-process challenge to a charging document that contained three counts, the first spanning four years, the second spanning three years, and the third spanning more than a year). As for the contention that

the vagueness of the information prejudices Applicant with respect to parole eligibility, he utterly fails to explain what his concern is, much less present supporting argument. He therefore has not shown that the OCCA's rejection of his vagueness claim was contrary to or an unreasonable application of federal law.

## III. CONCLUSION

We DENY Applicant's application for a COA and DISMISS his appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge